UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. FARNSWORTH,<br><br>              Petitioner,<br><br>    v.<br><br>CHIEF KARR,<br><br>              Respondent. | Case No.  C10-5586BHS/JRC<br><br>REPORT AND RECOMMENDATION TO DENY IN FORMA PAUPERIS STATUS<br><br>**NOTED FOR:**<br>**October 15, 2010** |

    This habeas corpus action, filed pursuant to 28 U. S.C. 2241, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

    Petitioner seeks to proceed in forma pauperis. He states in the petition that he is a pre trial detainee at the Pierce County Jail. He is challenging the access to courts he is receiving. A habeas petition brought pursuant to 28 U.S.C. 2241 is not the proper manner in which to proceed because petitioner has not exhausted state remedies prior to filing.

    Petitioner is a well known litigant in this court and has filed or been a party to at least 21 prior cases in this jurisdiction. Further, in <u>Farnsworth v Pierce County et al.</u>, 04-CV-5780RBL ,

REPORT AND
RECOMMENDATION - 1

the Honorable Ronald B. Leighton revoked plaintiff's in forma pauperis status because plaintiff has on three or more prior occasions had cases dismissed for failure to state a claim or as frivolous, (six dismissals from Utah prior to his coming to Washington).

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. See 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Petitioner has filed a habeas corpus petition without any legal basis and has again failed to state a claim. The court recommends the motion for in forma pauperis status be denied and this petition be dismissed.

Petitioner has also filed a motion for a temporary restraining order. The court recommends all pending motions be denied.

### **CERTIFICATE OF APPEALABILITY**

A petitioner seeking relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c) (3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.

REPORT AND
RECOMMENDATION - 2

1   6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

2   Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the

3   clerk is directed to set the matter for consideration on October 15, 2009, as noted in the caption.

       Dated this 16th day of September, 2010.

                                          J. Richard Creatura
                                          United States Magistrate Judge

REPORT AND
RECOMMENDATION - 3